IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                     Petitioner,

v.                                                         OPINION and ORDER

LARRY FUCHS,                                    21-cv-49-jdp

                     Respondent.

---

Petitioner Brandon D. Bradley, Sr., is in custody at Columbia Correctional Institution (CCI).[1] She has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, and she has been granted leave to proceed in forma pauperis. Dkt. 2. The next step is for me to conduct a preliminary review of her petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2]

Bradley is currently in custody due to her convictions in five other criminal cases. *See Bradley v. Fuchs*, No. 20-cv-976-jdp, 2021 WL 665276 (W.D. Wis. Jan. 13, 2021). But this petition doesn't concern those convictions; rather, it concerns a pending charge brought against her in another case, Dane County case number 19CF1343. In that case, Bradley was charged under Wis. Stat. § 946.43(2m)(a), which prohibits prisoners from throwing or expelling bodily

---

[1] Bradley, who has also filed lawsuits under the name Brittney Bradley, is a transgender woman. *See Bradley v. Novak*, No. 20-cv-48 (W.D. Wis.). So I will use feminine pronouns to refer to Bradley.

[2] Although I conclude below that Bradley's petition should have been brought under § 2241 rather than § 2254, I may still review the petition under the Rules Governing Section 2254 Cases. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006) ("Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as [petitioner's] § 2241 petition.").

substances at or toward other people.[3] The state brought this charge against Bradley on June 14, 2019, but the charge hasn't yet been resolved.

Bradley asks me to order that this charge be dismissed for two reasons: (1) she has moved unsuccessfully three times in state court for the charge to be dismissed due to the state's failure to prosecute it; and (2) the Dane County Sheriff's Department "is actively conspiring to let [her] current sentence run out" before resolving this charge in court. Dkt. 1, at 7. But Bradley cannot rely on § 2254 to challenge a pending charge. Section 2254 provides relief for a person who is "in custody pursuant to the judgment of a State court." 28 U.S.C. 2254(a). Bradley hasn't been convicted of this charge, so she cannot challenge it under § 2254. *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001) (per curiam). But a criminal defendant can bring a preconviction habeas challenge under 28 U.S.C. § 2241, *see id.* (collecting cases), including a speedy-trial claim, *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488 (1973). So I will construe Bradley's petition as if she had brought it under § 2241, not § 2254.

But as with a petition under § 2254, Bradley must exhaust her state-court remedies before pursuing relief under § 2241. *Id.* at 488–89; *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). To exhaust her state-court remedies, Bradley must present her claims through "at least one complete round of state-court review." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A "complete round of state-court review" means that Bradley must assert her claims "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

---

[3] Records of Bradley's state-court proceedings are available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html.

In her petition, Bradley says that she has not exhausted her state-court remedies because such remedies are "unavailable." Dkt. 1, at 6–7. But this is untrue; Bradley has the right under Wis. Stat. § 808.03(2) to ask the Wisconsin Court of Appeals to hear a challenge to a nonfinal decision of the circuit court, which includes the denial of her motions to dismiss. *See, e.g.*, *State v. Lemay*, 155 Wis. 2d 202, 455 N.W.2d 233 (Wis. 1990) (reviewing circuit court's denial of motion to dismiss based on right to speedy trial). So I will dismiss this petition without prejudice. Bradley may file a new petition in this court under § 2241 only after she completes state-court review of each claim she wishes to pursue, up to and including the Wisconsin Supreme Court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But a dismissal without prejudice is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), so no certificate of appealability is required.

ORDER

IT IS ORDERED that Brandon D. Bradley, Sr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Bradley's refiling it after exhausting her state-court remedies.

Entered April 27, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge